IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOYCE M. GORDON,<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF CMSI REMIC 2007-09-REMIC PASS-THROUGH CERTIFICATES SERIES 2007-09 and CENLAR FSB,<br><br>*Defendants.* | Civil Action No. 5:22-cv-660-XR |

## DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS

Pursuant to 12(b)(6) of the Federal Rules of Civil Procedure, Defendants U.S. Bank Trust National Association as Trustee of CMSI Remic 2007-09 Remic Pass-Through Certificates Series 2007-09 ("U.S. Bank") and Cenlar FSB ("Cenlar") (collectively "Defendants") file this Motion to Dismiss in response to Plaintiff Joyce M. Gordon's ("Plaintiff") Original Petition and Stay of Order to Proceed with Expedited Foreclosure Under Tex. Rule Civil Procedure 736 in Cause No. 19-09-0669-CVW ("Complaint") [Doc. 1-4] ("Plaintiff's Complaint") and respectfully shows the Court the following:

**I.
SUMMARY & FACTUAL BACKGROUND**

1.     Plaintiff filed this suit against Defendants U.S. Bank and Cenlar to stop a foreclosure sale scheduled for June 7, 2022, under the auspices that Defendants' were pursuing foreclosure on a Rule 736 foreclosure order. *See* Plaintiff's Complaint [Doc. 1-4, pages 1-2]. When in reality, Defendants have a judgment from the U.S. District Court for the Western District of Texas in Case No. 5:22-cv-00044, U.S. District Judge Fred Biery.

2. Plaintiffs and her husband, non-party Keith Gordon, are the owners of certain real property located at 624 Sunshine Meadow, Adkins, Texas 78101 (the "Property"). [Doc. 1-4] and have filed this, the second lawsuit, in order to stop foreclosure of their home equity loan secured by the Property. To obtain the Property, Plaintiff's husband Keith Gordon executed a Texas Home Equity Note (Fixed Rate – First Lien) ("Note") and Plaintiff and her husband both executed a Texas Home Equity Security Instrument (First Lien) ("Deed of Trust"), the Deed of Trust being recorded in the Official Public Records of Wilson County, Texas. *Id*. U.S. Bank is the beneficiary of the Deed of Trust and Cenlar is the mortgage servicer

3. Plaintiff concedes the Property was noticed for foreclosure sale on June 7, 2022. However, Plaintiff filed this lawsuit to stop the foreclosure sale. [Doc. 1-4]. Plaintiff speciously bases her claims on the allegation that Defendants do not have the right to enforce the Deed of Trust. Based on these erroneous arguments, Plaintiff asserts a sole cause of action for declaratory judgment. [Doc. 1-4].

4. The Court should dismiss Plaintiff's Complaint in its entirety for failure to state a claim because Plaintiff fails to clearly identify a cause of action upon which relief can be granted. Further, Plaintiff fails to allege sufficient facts in support of her vague stated actions, as she fails to specify why exactly Defendants cannot enforce the Deed of Trust.

5. Further, Plaintiff was served in the prior lawsuit, failed to appear and cannot now seek to pursue any claims or should have been brought, against Defendants in the prior lawsuit. This suit basically equates to an impermissible collateral attack on a valid judgment of the Court.

## II.
## ARGUMENT AND AUTHORITIES

6. Defendants incorporate the preceding paragraphs as if fully stated herein. Defendants move the Court to dismiss Plaintiff's Complaint as Plaintiff fails to state a claim for which she is entitled to relief. [Doc. 1-4].

### A. Rule 12(b)(6) Standard

7. Plaintiff's Complaint should be dismissed for failure to state a claim. In order to survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). A 12(b)(6) motion is proper if either the Petition fails to assert a cognizable legal theory or the facts asserted are insufficient to support relief under a cognizable legal theory. *See Stewart Glass & Mirror, Inc. v. U.S.A. Glas, Inc.*, 940 F.Supp.1026, 1030 (E.D. Tex. 1996). "However, conclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as factual allegations will not suffice to prevent the granting of a motion to dismiss." *Percival v. American Home Mortgage Corp.,* 469 F.Supp.2d 409, 412 (N.D. Tex. 2007). "[A] plaintiff must plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim." *See Kane Enters v. MacGregor (USA), Inc.,* 322 F.3d 371, 374 (5th Cir. 2003). While the allegations need not be overly detailed, a plaintiff's pleadings must still provide the grounds of his entitlement belief, which "requires more than labels and conclusions, and a formulaic recitation of the elements will not do." *Twombly*, 127 S. Ct. at 1964-1965; *see also Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995).

8. "Dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *See Frith v. Guardian Life Ins. Co. of Am.,* 9 F.Supp.2d 734, 737–38 (S.D.Tex.1998). While a complaint need not contain detailed

factual allegations to survive a 12(b)(6) motion, the Supreme Court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (abrogating the *Conley v. Gibson,* 355 U.S. 41 (1957) 'no set of facts' standard as "an incomplete, negative gloss on an accepted pleading standard") (citations omitted). Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Id*.; *Nationwide Bi–Weekly Admin., Inc. v. Belo Corp.,* 512 F.3d 137, 140 (5th Cir. 2007).

**B.      Dismissal is Also Proper Under Rule 8 of the Federal Rules of Civil Procedure.**

9.      Plaintiff's Complaint is subject to dismissal because it fails to satisfy the requirements of Rule 8. Under Rule 8(a)(2), a complaint must set forth "a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." See Fed. R. Civ. P. 8. Further, Rule 8(d), specifically states that "[e]ach allegation must be simple, concise, and direct." *Id*. To avoid judgment on the pleadings or dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555 (2007). "[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike." *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004). A district court has the power to dismiss a complaint when a plaintiff fails to comply with Rule 8's "short and plain statement" requirement. *See Kuehl v. Fed. Deposit Ins. Corp.*, 8 F.3d 905, 908 (1st Cir. 1993). It is appropriate to strike a pleading for gross violation of Rule 8, or when material contained in pleading is scandalous, immaterial or redundant. *See Asay v. Hallmark Cards, Inc.*, 594 F.2d 692, 696 n.2 (8th Cir. 1979). Plaintiff's Complaint fails to meet the Rule 8 standards and should be dismissed

### C.   Plaintiff Fails to State a Claim Declaratory Judgment

10. Defendants assert that Plaintiff's claims for declaratory relief should be dismissed because Plaintiff has not alleged any viable claims against Defendants. A declaratory judgment action is a form of relief based upon underlying claims. *See, Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods (HAVEN),* 915 F.2d 167, 170-71 (5th Cir. 1990). The availability of a declaratory judgment, "presupposes the existence of a judicially remedial right." *Schilling v. Rogers*, 363 U.S. 666, 677, 80 S.Ct. 1288, 4 L.Ed.2d 1478 (1960). The Declaratory Judgments Act is a procedural device that creates no substantive rights. *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-41, 57 S.Ct. 461, 81 L.Ed. 617 (1937).

11. "A declaratory judgment action is merely a vehicle that allows a party to obtain an 'early adjudication of an actual controversy' arising under other substantive law." *Capital One v. Swisher-35, Ltd.*, 2008 WL 4274499, at *2 (N.D. Tex. Sept. 17, 2008) (quoting *Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170 (5th Cir. 1990)). "In a declaratory judgment action, the controversy between the parties relates to the 'underlying cause of action of the defendant against the plaintiff.'" *Id.* Thus, the Declaratory Judgment Act can provide no relief to a plaintiff unless a justiciable controversy exists between the parties. *Kazmi v. BAC Home Loans Servicing, L.P.*, 2012 WL 629440, at *15 (E.D. Tex. Feb. 3, 2012) report and recommendation adopted, 2012 WL 629433 (E.D. Tex. Feb. 27, 2012), 517 Fed. Appx 228 (5th Cir. 2013) (per curiam) (unpublished).

12. A plaintiff seeking declaratory relief must therefore allege a "substantial and continuing" controversy, which the Fifth Circuit has likened to the Article III standing requirement of an existing case or controversy. *See Bauer v. Tex.*, 341 F.3d 352, 358 (5th Cir. 2003). "The Plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred."

*Id.* A request for declaratory judgment is remedial in nature and depends upon the assertion of viable causes of action. *See Naddour v. Nationstar Mortg., LLC*, No. 3:11-cv-1096-B, 2012 WL 4473127, at *7 (N.D. Tex. Sept. 27, 2012).

13. Plaintiff pleads no facts to support her claim, yet seeks a judgment declaring "the Deed of Trust void ab initio; that any purported lien evidenced by the Deed of Trust is void; and that such purported lien does not constitute a lien or encumbrance against the Property." *See* Plaintiff's Complaint [Doc. 1-4, para. 14]. Plaintiff supports this allegation with no evidentiary or factual support whatsoever, simply failing to even outline why she believes Defendants are not entitled to enforce the Deed of Trust. Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### III.
### DISMISSAL WITH PREJUDICE

14. The Court should deny Plaintiff an opportunity to amend because any amendment to its pleadings would be futile. *See SB. Intern., v. Jindal,* 2007 WL 2410007, * at 3 (N.D. Tex. Aug. 23, 2007)(citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Abruzzo v. PNC Bank, N.A.,* 2012 WL 3200871, at *3 (N.D. Tex. July 30, 2012) (denying leave to amend with respect to claims that fail as a matter of law). Plaintiff's allegations do not give rise to a plausible cause of action against Defendants. Even if all facts alleged by Plaintiff are assumed true, no viable cause of action exists against Defendants as Plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Further, Plaintiff cannot use this suit as a collateral attack on a valid prior judgment. Defendants' Motion to Dismiss should be granted because Further, even if allowed the opportunity to amend, Plaintiff cannot assert a viable claim against Defendants. As such, Plaintiff's claims against Defendants should be dismissed with prejudice pursuant to Rule 12(b)(6).

## IV.
## CONCLUSION

Plaintiff fails to state a claim upon which relief can be granted. Accordingly, Defendants U.S. Bank and Cenlar respectfully request that their Motion to Dismiss be granted and Plaintiff's claims be dismissed with prejudice. Defendants further request all relief, at law or in equity, to which they are entitled.

Respectfully submitted,

By: /s/ *Shelley L. Hopkins*
Shelley L. Hopkins
State Bar No. 24036497
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP - *Of Counsel*
3 Lakeway Centre Ct., Suite 110
Austin, Texas 78734
(512) 600-4320
ShelleyH@bdfgroup.com
shelley@hopkinslawtexas.com

Robert D. Forster, II
State Bar No. 24048470
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP
4004 Belt Line Road, Ste. 100
Addison, Texas 75001
(972) 386-5040
(972) 341-0734 (Facsimile)
RobertFO@bdfgroup.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      I hereby certify that on the 1st day of July, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

***VIA ECF*:**
Robert C. Newark, III
A Newark Firm
1341 W. Mockingbird Lane, Suite 600W
Dallas, Texas 75247
office@newarkfirm.com
**ATTORNEYS FOR PLAINTIFF**

                                                */s/ Shelley L. Hopkins*
                                                Shelley L. Hopkins